UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF WISCONSIN

William Campos,

    Plaintiff,

vs.

Case No. 20CV

Debra Tidquist, Kristine Pralle, Pauline Hulstein, and Tammy Maassen,

    Defendants.

---

## VERIFIED COMPLAINT WITH JURY DEMAND

---

The pro se Plaintiff William Campos in the above-styled action, states as follows:

### JURISDICTIONAL STATEMENT

1. Jurisdiction of the federal court exists in this proceeding by virtue of 28 U.S.C. §1331 and 28 U.S.C. §1367, since this is a civil action arising under the laws and Constitution of the United States, as well as the laws of the state of Wisconsin. This action asserts a claim for violation of federal law pursuant to 42 U.S.C. §1983.

2. Venue is proper in the Western District of Wisconsin under 28 U.S.C. §1391(b) since the acts alleged in the complaint occurred in Jackson County, Wisconsin, which lies in this district.

### PRELIMINARY STATEMENT

3. This is an action for compensatory, punitive and declaratory relief against the defendants who acted with deliberate indifference to Plaintiff's serious medical needs, and breached a duty of care owed to him, as detailed below.

1

4. The Plaintiff William Campos is, and was at all times relevant to this suit, in the custody of the Wisconsin Department of Corrections. He is currently incarcerated at the Jackson Correctional Institution ("JCI"), whose address is N6500 Haipek Road, Black River Falls, Wisconsin 54615. This institution is located in Jackson County.

5. Debra Tidquist, Kristine Pralle, Pauline Hulstein, and Tammy Maassen were all working at the Jackson Correctional Institution in the Health Services Unit ("HSU") and were, upon information and belief, employed by the Wisconsin Department of Corrections. Each named defendant is being sued in their individual capacity.

## STATEMENT OF FACTS

6. On or about September 3, 2017, Plaintiff was seen by HSU staff following an injury to his left foot while playing handball at recreation.

7. While playing handball, another inmate kicked the Plaintiff's left foot, causing him pain that is rated at a 7/10 and radiates across the top.

8. An X-ray of Plaintiff's left ankle was obtained on November 29, 2017, and revealed no fractures to the area. The X-ray impressions were never communicated to Plaintiff by HSU staff until approximately March of 2018.

9. Plaintiff submitted multiple Health Service Request's ("HSR") from September 3, 2017, requesting treatment for his constant foot pain but was not seen by a provider - Defendant Debra Tidquist - until the third week of March of 2018.

2

10.   Defendant Tidquist prescribed Plaintiff Tylenol and Ibuprofen for his pain. These medications never relieved his pain.

11.   From March of 2018 to February of 2019, Plaintiff submitted multiple HSR's detailing how his pain remained a constant presence despite taking the prescribed medications, and requesting to be seen to receive relief and proper treatment. During this time period, Plaintiff had numerous sick call's[1] wherein he spoke with Defendant's Hulstein and Pralle about his pain not being treated by the prescribed medications but neither Defendant intervened on his behalf.

12.   Plaintiff was seen by Defendant Tidquist on March 17, 2019, to address his pain that had been left untreated[2] for the fifteen (15) months prior, and more X-rays were ordered along with a referral to be evaluated by a physical therapist. Plaintiff was not evaluated by a physical therapist until September 25, 2019 - despite having submitted multiple HSR's inquiring into the status of his referral, complaining about his continued (and constant) pain, and requesting to receive effective treatment.

13.   During his initial encounter with the physical therapist, Plaintiff was issued an ankle brace and scheduled for a follow-up the following week.

14.   On October 1, 2019, Plaintiff finally received one (1) cortisone injection after having submitted numerous HSR's.

---

[1]   A "sick call" is a face-to-face with HSU nursing staff, usually following a request by an inmate.

[2]   Plaintiff says <u>untreated</u> because continuing ineffective medication is just that: $0+0=0$.

3

15. Plaintiff's physical therapist follow-up was done on October 3, 2019. During this appointment he was issued a resistance band and taught exercises to build his ankle strength with.

16. It is only now - some two years after the injury - that Plaintiff is beginning to see some relief from the pain from his injury to his ankle.

17. Plaintiff adopts and incorporates, by reference, paragraphs 9-15, supra, and states that Defendant Tidquist's actions that left Plaintiff suffering constantly in pain - both initially when refusing to see him during September of 2017 to March of 2018, and not altering the ineffective pain treatment plan with medications in different groups other than NSAID's - supports a finding that she was deliberately indifferent to his serious medical need.

18. Plaintiff adopts and incorporates, by reference, paragraph 12, supra, and states that Defendant's Hulstein and Pralle breached a duty owed to him by failing to properly advocate on his behalf when it was readily apparent that the treatment he was receiving was ineffective by intervening, or reporting the situation to Defendant Maassen (their supervisor).

19. Defendant Maassen was contacted by Plaintiff on January 28, 2018 and September 19, 2019 about his constant pain in his foot and the ineffective treatment plan by Defendant Tidquist that left him suffering needlessly but never received a response in the form of written communication or intervention through action.

STATEMENT ON EXHAUSTION

20. Plaintiff has properly exhausted his claims through the Inmate Complaint process established by Administrative Code DOC 310.

21. Further, Plaintiff filed a Notice of Claim and Injury Form with the Wisconsin Attorney General's Office in accordance with Wisconsin Statute §893.82.

CONCLUSION

22. WHEREFORE, Plaintiff prays for relief as follows:

 a. that he receive a jury trial on all issues so triable;
 b. that he receive an award for compensatory damages against the defendants in an amount to be determined according to the proof presented at trial;
 c. that he receive an award of exemplary or punitive damages in such amount as the jury may determine to be sufficient to punish the defendants for their wrongful acts, and deter others from committing the constitutional violations described herein;
 d. that he be awarded costs and expenses; and
 e. the Court award any and all further relief as it deems law, justice and equity require.

23. I, William Campos, hereby swear on the penalty of perjury that the facts stated above are true and correct to the best of my personal knowledge and belief pursuant to 28 U.S.C. §1746.

Dated this 31 day of July, 2020.

Respectfully Submitted,

*William M. Campos*

William Campos

#278522  
Jackson Correctional Institution  
P.O. Box 233  
Black River Falls, WI 54615-0233

Pro Se Plaintiff

6